**AFFIRM; and Opinion Filed August 19, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00643-CR

### DAUNEVYN LYNN SNOWDY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 068917**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Molberg

Daunevyn Lynn Snowdy appeals from his convictions and thirty year sentence for five counts of aggravated assault against a public servant brought in a single indictment. Snowdy challenges the sufficiency of the evidence to support that the sharpened plastic spoon he brandished at jail officials was a deadly weapon. We affirm the trial court's judgment, and because the issues are well-settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### STANDARD OF REVIEW

When reviewing the record for legal sufficiency, we consider the combined and cumulative force of all admitted evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Johnson v. State*, 509 S.W.3d 320, 322 (Tex. Crim. App. 2017).

The State had to prove Snowdy intentionally or knowingly threatened the jailers with imminent bodily injury and that he used or exhibited a deadly weapon during the commission of the assault. TEX. PEN. CODE § 22.01(a)(2); 22.02(a)(2). A deadly weapon is "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN. CODE § 1.07(a)(17).

In determining whether an object is capable of causing serious bodily injury under section 1.07(a)(17)(B), we consider words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon. *See Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017) (collecting cases discussing factors). In *Johnson*, the deadly weapon was a standard butter knife used or exhibited during a convenience store robbery. Because of the defendant's proximity to victims, his threats to harm, and victim testimony that the knife was capable of causing serious bodily injury, the Court of Criminal Appeals concluded the jury could have reasonably inferred it was capable of causing serious bodily injury or death. *Id.* at 324.

**ANALYSIS**

The State introduced the spoon and pictures of it at trial. Witnesses testified that Snowdy brandished the spoon while threatening the jailers with imminent bodily injury and continued to do so as they entered his cell due to his refusal to peacefully hand them his shank.[1] He said he would kill the first person to come in his cell. No witness could say whether Snowdy sharpened

---

[1] The State introduced a small, sharpened metal piece found on the ground right near Snowdy's cell door after the melee. No witness saw this small metal piece before it was found on the ground and no one ever said Snowdy brandished it or even mentioned it. Thus, in reaching our conclusion, we do not consider the small metal piece because there was insufficient evidence that Snowdy used or exhibited it. *See* TEX. PEN. CODE § 22.02(a)(2).

–2–

the spoon's handle, but our law does not require proof that the defendant himself crafted the shank. There is a video of parts of this incident showing jailers enter Snowdy's cell and the aftermath as they work to confine him in a "restraining chair." Corporal Terry Robbs testified the spoon could have gone through one's neck, temple, or between ribs, if dispatched with enough force, any of which could have caused serious bodily injury. *See* TEX. PEN. CODE 1.07(a)(46). There was no contradicting evidence, and no meaningful cross-examination undermining Robbs' statement.

Corporal Robbs' testimony established several ways the sharpened spoon was capable of causing what we recognize as serious bodily injury. *See* TEX. PEN. CODE 1.07(a)(46). It was not clear that each of the five jailers Snowdy was charged with assaulting heard his threat, but this is no impediment to a conviction of assault by threat when there is some evidence of a threat being made. *See Olivas v. State*, 203 S.W.3d 341, 346-47, 349-51 (Tex. Crim. App. 2006). The jailers perceived the threat Snowdy presented.

In the light most favorable to the verdict, we conclude this is sufficient to show the shank was capable of causing at least serious bodily injury in the manner Snowdy used or intended to use it and thus is sufficient to support characterizing it as a deadly weapon. *See Johnson*, 509 S.W.3d at 323-24; *Jackson*, 443 U.S. at 318-19; TEX. PEN. CODE § 1.07(a)(17)(B).[2]

---

[2] And we could conclude there was sufficient evidence to justify the jury's implicit conclusion that the sharpened spoon was adapted for the purpose of inflicting serious bodily injury, qualifying as a deadly weapon pursuant to section 1.07(a)(17)(A). *See Thomas v. State*, 821 S.W.2d 616, 620-21 (Tex. Crim. App. 1991) (en banc) (describing shanks as "knife-like objects" qualifying as deadly weapons under 1.07(a)(17)(A)); *Jimenez v. State*, No. 08-17-00124-CR, 2019 WL 2022092, at *7-8 (Tex. App.—El Paso May 8, 2019, no pet.). Courts have looked to section 1.07(a)(17)(A) and (B) to analyze jail-fashioned shanks as deadly weapons. *See Iglesias v. State*, 564 S.W.3d 461, 466 (Tex. App.—El Paso 2018, no pet.); *Shugart v. State*, 32 S.W.3d 355, 360 (Tex. App.—Waco 2000, pet. ref'd); *Romero v. State*, 331 S.W.3d 82, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing both 1.07(a)(17)(A) and (B) but only analyzing shank under (B)); *Smith v. State*, 51 S.W.3d 806, 809 (Tex. App.—Texarkana 2001, no pet.) (analyzing shank only under section 1.07(a)(17)(B) and finding it to be a deadly weapon, but not discussing the absence of a subpart (A) discussion).

We overrule appellant's sole issue.  We affirm the trial court's judgment.


/Ken Molberg/
KEN MOLBERG
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

180643F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAUNEVYN LYNN SNOWDY,
Appellant

No. 05-18-00643-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 068917.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of August, 2019.