

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00126-CR

AARON CALEB SWENSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F0505-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Chief Justice Stevens

## MEMORANDUM OPINION ON REMAND

This case is before us on remand from the Texas Court of Criminal Appeals. The court reversed our decision and found that the State sufficiently proved Aaron Caleb Swenson committed the offense of attempted capital murder. *Swenson v. State*, No. PD-0589-22, 2024 WL 4829943 (Tex. Crim. App. Nov. 20, 2024). The Texas Court of Criminal Appeals remanded the case to this Court for consideration of Swenson's remaining points of error: (1) that the State made harmful improper argument at trial and (2) that the judgment must be modified to reflect the proper statute of the offense for which Swenson was convicted.

We find that Swenson did not obtain an adverse ruling on his objection to the State's closing argument and that it is not preserved for our review. We also modify the judgment to reflect that Swenson was convicted of attempted capital murder. As modified, we affirm the trial court's judgment.

## I.      The State's Closing Argument

Swenson argues that, during closing arguments in the punishment phase of the trial, the State made an impermissible jury argument. In its closing argument to the jury, the State said the following:

> When you talk about punishment, punishment is what is right and just, not only for Mr. Swenson but for the men and women in blue and for members of your community. You, ladies and gentlemen, need to send a message this behavior in our community will not be tolerated, period. And you do that by giving him a life sentence.

> [BY SWENSON'S ATTORNEY]:    Your Honor, note my exception to this argument.

> THE COURT:  Be noted.

2

To preserve a complaint for our review, a party must first present to the trial court "a timely request, objection, or motion" stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). "To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

In *Iglesias v. State*, 564 S.W.3d 461, 467 (Tex. App.—El Paso 2018, pet. ref'd), the defendant made a hearsay objection. "However, the trial court did not rule on the objection, and only commented, 'Your objection is noted.'" *Id.* Because Iglesias "did not object to the trial court's failure to rule on his objection, [that] complaint [was] not before" the court on appeal. *Id.* (citing TEX. R. APP. P. 33.1(a)(1)(A), (a)(2)(A)–(B)). Where the trial court made no ruling to the appellant's objection to a State's question to a witness, the complaint was not preserved for review. *See Mayfield v. State*, 803 S.W.2d 859, 864 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) ("Appellant did not receive an adverse ruling. Therefore, nothing is preserved for review."); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (plurality op.) ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling."); *see also Cienfuegos v. State*, 113 S.W.3d 481, 488–89 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (Defendant objected to questioning of a police officer, claiming it allowed "backdoor hearsay." The trial court

3

responded, "I understand." This was not an adverse ruling, and the objection was not preserved for appellate review.).

Here, Swenson made an objection, and the trial court only answered that the objection was "noted." We find that the trial court's answer, "Be noted," was not an adverse ruling, which is necessary to preserve error. As a result, we find this matter was not preserved for our review. We, therefore, overrule this point of error.

## II. Modification of Judgment

The trial court's judgment states, correctly, that Swenson was convicted of attempted capital murder. However, it only lists the Texas Penal Code statute for attempt. This Court has the "authority to reform the judgment . . . to make the record speak the truth when the matter has been called to [our] attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). The Texas Rules of Appellate Procedure also provide direct authority for this Court to "modify the trial court's judgment." TEX. R. APP. P. 43.2. We modify the trial court's judgment to add Section 19.03 of the Texas Penal Code, the statute for capital murder, to describe what offense Swenson attempted. *See* TEX. PENAL CODE ANN. § 19.03 (Supp.).

### III.     Conclusion

As modified, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:      December 16, 2024
Date Decided:        April 10, 2025

Do Not Publish