**Deairion JOHNSON a/k/a Kevin Kimp, Appellant**

v.

**The STATE of Texas**

**NO. PD–0699–16**

Court of Criminal Appeals of Texas.

Delivered: February 15, 2017

Kimberley S. Campbell, Factor & Campbell, Fort Worth, TX, for appellant.

Stacey M. Soule, State Prosecuting Attorney, Austin, TX, for the State.

## OPINION

HERVEY, J., delivered the opinion of the unanimous Court.

The issue in this case is whether there is sufficient evidence to affirm the jury's deadly-weapon finding elevating robbery to aggravated robbery. Because we conclude that there is and that the court of appeals erred to hold otherwise, we will reverse its judgment and remand this cause for the lower court to address Appellant's remaining points of error.

## BACKGROUND

### Procedural History

Kevin Kimp,[1] Appellant, was charged by indictment with aggravated robbery after he robbed two cashiers working at a RaceTrac convenience store using a butter knife. The indictment alleged that Kimp intentionally or knowingly threatened Amelia Martinez[2] (Amelia) or placed her in fear of imminent bodily injury or death while in the course of committing robbery. It further alleged that Kimp used or exhibited a deadly weapon, to-wit: a knife that in the manner of its use or intended use was capable of causing death or serious bodily injury. Both aggravated robbery and the lesser-included offense of robbery were submitted to the jury, and the jury

found Kimp guilty of aggravated robbery. In accordance with the jury's verdict, the judge entered a deadly-weapon finding. Kimp was sentenced to 18 years' confinement and fined $10,000. Kimp appealed his conviction, and the court of appeals reversed, holding that there was insufficient evidence to sustain the deadly-weapon finding. We subsequently granted the petition for discretionary review filed by the State Prosecuting Attorney asking whether,

> the evidence [is] sufficient to support a jury's finding that a butter knife is a deadly weapon when it can rationally be determined that it was capable of causing death or serious bodily injury because it was brandished aggressively during a convenience store robbery?

### Facts

The night of the robbery, two employees were working at the RaceTrac: Amelia who was the cashier and Aaron Martinez (Aaron), the night manager, who was also working as a cashier. Between about 11:00 p.m. and midnight, Kimp entered the store and walked towards the back to get a fountain drink at the soda machine. From there, he looked around the store, killing time before approaching Aaron's cash register, presumably to pay for his drink. But Kimp just stared at Aaron and then walked behind the counter towards Amelia, Aaron, and the cash registers. As he approached Amelia, he pulled a knife out of his pants and waved it at her and Aaron in a threatening manner and told them to "[b]ack the fuck up." They both moved to the corner of the back-counter area, as far away from Kimp as possible. Aaron only

---

1. Because the court of appeals refers to Appellant as Kevin Kimp, we will do so as well.

2. Although only two people were working at the RaceTrac that night, the State charged Kimp only with threatening Amelia while in the course of committing robbery.

saw a silver object protruding from Kimp's hand, but Amelia saw the knife. Kimp swung the knife at her as she moved to let him take the money from the register. Amelia testified that she did not know how long the blade was, but the tip of it was rounded and looked like a butter knife. She also testified that she felt threatened and was scared even though Kimp had a butter knife "[b]ecause, like, even though it is a butter knife, that it still can do some damage, you know. I never got robbed like that in my life." After Kimp took the cash from Amelia's register, he went to the other register. Security camera footage showed that, as Kimp approached the register, he briefly confronted Amelia and Aaron, but during that portion of the video, Kimp's back is to the camera and Amelia and Aaron are just outside of the camera's view. Aaron explained what happened during that confrontation: Kimp approached them, "kind of stuck his chest out," and told them to get in the corner and keep their faces down. When Aaron did not comply quickly enough, Kimp advanced on him even faster with the knife. Aaron felt "[a] little threatened," although he was not too scared to act because he knew he had to take charge of the situation. Amelia said that when Kimp approached them, he made aggressive movements towards them to "frighten us." On his way out of the store, Kimp told Amelia and Aaron to "[h]ave a nice fucking day." Once Kimp was gone, Aaron immediately closed and locked the register drawers,

called 9–1–1, removed the remaining customers from the store, and locked the doors until police arrived.

## STANDARD OF REVIEW

■ When reviewing the record for legal sufficiency, we consider the combined and cumulative force of all admitted evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## DEADLY–WEAPON FINDINGS

The only element of aggravated robbery at issue here is whether Kimp "use[d] or exhibit[ed] a deadly weapon."[3] TEX. PEN. CODE § 29.03(a)(2). To meet its burden, the

State was required to prove that the knife Kimp had was a deadly weapon as defined by statute and that, if it was, he also used or exhibited the knife while committing robbery. *Id.* A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE § 1.07(a)(17); *McCain v. State*, 22 S.W.3d 497 (Tex. Crim. App. 2000). "Serious bodily injury" is defined as "bodily injury that creates a substantial

---

**3.** The aggravated-robbery statute states that,

    (a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:

        (1) causes serious bodily injury to another;

        (2) uses or exhibits a deadly weapon; or

        (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

        (A) 65 years of age or older; or

        (B) a disabled person.

    (b) An offense under this section is a felony of the first degree.

    (c) In this section, "disabled person" means an individual with a mental, physical, or developmental disability who is substantially unable to protect himself from harm. TEX. PENAL CODE § 29.03.

risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE § 1.07(a)(46). Because not all knives are manifestly designed, made, or adapted for the purpose of inflicting serious bodily injury or death,[4] the evidence is sufficient to support the finding in this case only if the jury could have rationally found that Kimp used the knife in such a way, or intended to use the knife in such a way, that it was capable of causing serious bodily injury or death. *Id.* § 1.07(a)(17).

■ In determining whether a weapon is deadly in its manner of use or intended manner of use, the defendant need not have actually inflicted harm on the victim. *See Brown*, 716 S.W.2d at 946. Instead, we consider words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon. *See Tisdale v. State*, 686 S.W.2d 110, 115 (Tex. Crim. App. 1984) (op. on reh'g) (physical proximity); *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) (size, shape, and sharpness of the weapon; ability of the weapon to inflict death or serious injury; and the manner in which the defendant used the weapon); *Williams v. State*, 575 S.W.2d 30, 32 (Tex. Crim. App. 1979) (threats or words). These, however, are just factors used to guide a court's sufficiency analysis; they are not inexorable commands.

## COURT OF APPEALS

The court of appeals held that the evidence was insufficient to establish that Kimp used or intended to use the butter knife in a manner capable of causing death or serious bodily injury. *Johnson v. State*, No. 02–15–00296–CR, 2016 WL 3033495, at *3 (Tex. App.–Fort Worth Sept. 14, 2016). According to it, the evidence was insufficient because Amelia did not testify regarding the size and shape of the knife except that the tip was "rounded," "[l]ike kitchen silverware," and Aaron never saw a knife, although he presumed that Kimp had a knife "[b]ecause I knew it had to be a weapon if it was a robbery, so that was the weapon I assumed it would be." *Id.* The court also relied on its interpretation that the security video did not show Kimp lunging at Amelia as she had testified and that, although Kimp "aggressively" demanded that Amelia and Aaron "[b]ack the fuck up" as he walked around the counter holding the knife, "he did not verbally threaten them, brandish the knife, or touch them with it." *Id.* Finally, the court found it relevant that Amelia and Aaron resumed their work at the convenience store after the robbery, despite Amelia's testimony that she was scared of Kimp. *Id.* Because the court held that the evidence was insufficient to support the deadly-weapon finding, it struck the aggravated element, it reformed the judgment of conviction to reflect that Kimp was convicted of robbery, and it remanded the case to the trial court for a new punishment hearing. *Id.*

## ARGUMENTS

The arguments of the parties center on the lower court's decision. Kimp argues that we should affirm the judgment of the court of appeals because it reached the correct result. The State responds that the court of appeals's sufficiency analysis was fatally flawed and that we should reverse its judgment and remand for the court to address Kimp's remaining point of error.

4. *Brown v. State,* 716 S.W.2d 939, 946 (Tex. Crim. App. 1986).

## DISCUSSION

After assaying the record evidence in the light most favorable to Kimp's conviction, we disagree with the lower court's interpretation of the record and conclude that there is sufficient evidence to sustain the deadly-weapon finding. The video shows that, as Kimp walked behind the counter, he removed a knife from his pants. When Kimp was no more than a foot or two from Amelia, he brandished the knife,[5] waving it at Amelia and Aaron threatening them to get back. And, although Amelia testified that she could not describe the length, size, or shape of the blade, the jury could have inferred some information about the knife from the video even though the knife was not entered into evidence. The video shows that Kimp was holding the knife by its handle and that just the blade of the knife appears to be a couple of inches long. Based on this, the jury could have reasonably inferred that the knife was large enough and long enough such that it was capable of causing serious bodily injury or death.[6] A jury could have also reasonably inferred from Kimp's threats, his proximity to Amelia, and the brandishing of the knife, that the manner in which he used the knife, or intended to use the knife, rendered it capable of causing serious bodily injury or death.[7]

The only remaining question is whether Kimp "used or exhibited" the knife during the criminal transaction to facilitate commission of the crime. *McCain*, 22 S.W.3d at 503. We conclude that he did. The knife can be seen in the video as Kimp pulls it from his pants as he prepares to rob the two cashiers. He then used the knife to threaten Amelia and Aaron while he was stealing money from the cash registers. From this, a factfinder could have rationally concluded that the knife was exhibited and used in commission of the offense. *Id.*; *Tisdale*, 686 S.W.2d at 115 (op. on reh'g).

## CONCLUSION

Because we conclude that there is sufficient evidence to sustain the jury's deadly-weapon finding in this case, we reverse the judgment of the court of appeals and remand this cause for the court of appeals to address Kimp's remaining points of error.

---

**5.** We cannot agree with the court of appeals that Kimp did not verbally threaten Amelia or Aaron or that he did not brandish the knife. When a person yells at someone to "back the fuck up," while waiving a knife at them, a reasonable person would consider that a threat. The assailant need not use magic words such as, "I'm going to stab you with this knife if you do not do what I say." The threat is implied. Moreover, in a deadly-weapon sufficiency analysis, we do not consider only whether the assailant verbally threatened the victims; we consider both verbal threats and any threatening actions of the assailant. *See Tisdale*, 686 S.W.2d at 115.

**6.** In the past, our deadly-weapon jurisprudence focused on the *probability* that a partic-

ular weapon could cause serious injury or death. *Thomas v. State*, 821 S.W.2d 616, 618 (Tex. Crim. App. 1991). The definition subsequently adopted by the legislature, however, changed the emphasis from probabilities to whether a weapon is *capable* of causing serious bodily injury or death. *Id.*; Tex. Penal Code § 1.07(a)(17)(B).

**7.** The court of appeals concluded that Amelia and Aaron were not scared by Kimp or his knife because they went back to work after the robbery. The record does not support the court's conclusion. Amelia and Aaron testified that, after the robbery, the cash drawers were closed and locked, the customers were removed from the store, and the store doors were locked until police arrived.