**AFFIRM; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00672-CR

**RIGOBERTO MENDEZ CARRILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-00405-M**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Rigoberto Mendez Carrillo appeals his conviction for manslaughter. In his first issue, he complains of the trial court's decision to admit pre-crash data from the vehicles involved. In his second issue, appellant challenges the sufficiency of the evidence to support his conviction for manslaughter. We affirm the trial court's judgment. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On the night of May 30, 2014, a married couple were driving home after attending church and dining at a restaurant when a white truck driven by appellant sped up from behind their car and struck them on the passenger side, sending the couple's car up onto the median. Appellant did not stop, but continued to speed down the street. The couple began to drive their damaged car home when the husband noticed smoke up ahead in the direction appellant had driven.

When the couple arrived at the source of the smoke, they found appellant's white truck had crashed against a light post and another car was stopped with an impact on the driver's side and the driver of that car slumped unconscious. The husband checked on both drivers, but before he could help the unconscious victim, fire fighters arrived from a nearby station and instructed him to back away. The husband stepped back to stand with his wife. Appellant exited the white truck and stood next to the couple. The wife noticed appellant smelled strongly of liquor, and the husband noticed appellant's face had been injured. Appellant asked the husband for help and said if the husband did not say anything, appellant would pay for the couple's car. After that, appellant fell, and the fire fighters attended to him.

Both the victim and appellant were taken to the hospital for treatment. Police officers obtained a blood draw from appellant that revealed he was legally intoxicated. The victim died from the injuries he sustained in the collision.

A grand jury indicted appellant for manslaughter and found that a deadly weapon, to wit a motor vehicle, was used and exhibited during the commission of the offense. Appellant pleaded not guilty, and the case proceeded to trial. At trial, Officer David Frykolm of the Dallas Police Department testified that he had obtained and executed search warrants on both vehicles to retrieve the "black boxes" from both vehicles. Officer Frykolm explained that each car that contains an airbag also contains a black box that records information prior to impact to determine if a crash is severe enough to deploy the air bag. The officer testified he personally extracted the black boxes from both vehicles and that from each he was able to download a crash data retrieval report. The State offered these reports into evidence, and appellant objected to both as lacking a business record affidavit or testimony from the equipment manufacturers that the reports were accurately retrieved from the black boxes. The trial court overruled appellant's objections, and Officer Frykolm proceeded to testify as to the contents of the crash data retrieval reports.

At the conclusion of the trial, a jury found appellant guilty of the offense as charged and found that he had used or exhibited a deadly weapon during the commission of the offense. The jury assessed punishment at twelve years' incarceration. Appellant filed a motion for a new trial, asserting the verdict was contrary to the law and the evidence, which was overruled by operation of law.

## DISCUSSION

In his first issue, appellant urges the trial court erred by admitting, over his objections, the crash data retrieval report from each vehicle. In particular, appellant complains the crash data retrieval reports were not supported by any business records affidavit and that the trial court failed to examine the reliability and accuracy of the process that generated the crash data retrieval reports. While appellant objected to each report when it was first offered into evidence, he did not make a running objection or any further objection when Officer Frykholm testified about the contents of the crash data retrieval reports. In particular, Officer Frykholm testified that the data revealed appellant's and the victim's respective speeds and percentage of pressure on the accelerator in the seconds before their air bags deployed. As the court of criminal appeals has repeatedly held, to preserve error in admitting evidence, a party must object each time the inadmissible evidence is offered or obtain a running objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Any error in admitting the crash data retrieval reports was waived when the same evidence came in through the examination of Officer Frykholm without objection. *See id.*; *see also Walker v. State*, 02-16-00418-CR, 2018 WL 1096060, at *4 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication) (appellant forfeited his objections to admission of toxicology report where he objected to admission of report but failed to object to testimony describing contents of report).

We overrule appellant's first issue.

In his second issue, appellant challenges the sufficiency of the evidence to support his conviction, specifically challenging the evidence of his intent.

When reviewing the record for legal sufficiency, we consider the combined and cumulative force of all admitted evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Johnson v. State*, 509 S.W.3d 320, 322 (Tex. Crim. App. 2017).

A person commits manslaughter if he recklessly causes the death of an individual. TEX. PENAL CODE ANN. § 19.04(a). Manslaughter is a "result of conduct crime," one in which recklessness must go to the conduct causing the death. *Ashorali v. State*, 05-06-01476-CR, 2008 WL 726202, at *6 (Tex. App.—Dallas Mar. 19, 2008, pet. ref'd) (not designated for publication). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. PENAL § 6.03(c). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from the actor's standpoint. *Id.* The jury's determination of a culpable mental state is usually grounded upon inferences drawn from the attendant circumstances and may be inferred from the acts, words, and conduct of the accused. *Ashorali*, 2008 WL 726202, at *6.

When reviewing the sufficiency of the evidence, the essential elements of the offense are those of a hypothetically correct jury charge: "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Anderson v. State*, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013). When the charge authorizes the jury to convict the defendant on more than one theory, as it did in this

case, the verdict of guilt will be upheld if the evidence is sufficient on any theory authorized by the jury charge. *Id.*

The charge in this case permitted the jury to convict appellant of manslaughter if it found he acted recklessly by (1) operating a motor vehicle while under the influence of or intoxicated due to the introduction of alcohol, (2) driving the motor vehicle at an unsafe speed for the conditions then existing, or (3) failing to yield right of way while operating a motor vehicle to oncoming traffic, therefore striking the motor vehicle occupied by the victim.

Appellant contends the evidence presented to the jury at best amounted to criminal negligence. He urges the following evidence demonstrates he was unaware of the risk his conduct created. The husband and the wife appellant struck previously admitted that they did not actually observe the collision between appellant's truck and the decedent's car. Nor did either spouse testify whether the light at the intersection facing appellant was green when appellant proceeded into the intersection and collided with the victim. A firefighter-paramedic who was first on the scene testified that he did not see appellant exit the truck or the accident. The medical examiner who performed the autopsy on the victim testified the "manner of death" was an "accident" and that in identifying the manner of death, "we do take [criminal intent] into consideration." A fire rescue officer who was at the scene of the accident testified that based on his experience, the "intent of the crash" was unintentional. An officer with the Dallas Police Department testified he was not able to determine whether appellant or the victim had the green light. Appellant testified at trial that on the night in question he had no idea he would cause the death of another person, just before the accident, he had been assaulted by five men and was speeding away to evade them, and as he approached the site of the accident, he saw he had a green light. Additionally, appellant denied he knew he was intoxicated when he hit the couple's car.

Despite appellant's protestations, the evidence, viewed, as it must be, in the light most favorable to the verdict, shows appellant was heavily intoxicated at the time of the collision, which resulted in the victim's death, and driving at a high speed despite just having struck another vehicle. *See Rubio v. State*, 203 S.W.3d 448, 452 (Tex. App.—El Paso 2006, pet. ref'd) (driving under the influence of alcohol demonstrates conscious disregard of substantial risk). The wife struck prior to the fatal impact identified appellant as the driver of the truck and testified that as he stood next to her at the scene of the collision, she noticed a strong odor of liquor coming from him. The firefighter-paramedic testified he believed appellant was intoxicated at the scene of the collision because of a strong smell of alcohol on him and other signs and symptoms of intoxication. Blood tests taken within hours of the collision showed appellant had a blood alcohol content of at least 0.16 grams of ethanol per 100 milliliters of blood—twice the legal limit, and a toxicologist testified at trial that, based on his training and experience, appellant was intoxicated at the time of the blood draws. On cross-examination, appellant admitted he drank six beers that evening before the collision, was intoxicated when he hit the couple's car, and knew after hitting the couple's car that he was in no state to drive. Appellant also admitted that despite knowing he was intoxicated and in no state to drive, he made the conscious decision to continue driving after hitting the couple's car. Further, the husband of the couple testified appellant told him not to say anything and that he would pay for the couple's car. From the foregoing, the jury could conclude appellant was intoxicated and knew he was in no state to drive before he collided with the victim's car, and that his comments to the husband revealed he understood he was responsible for the accident.

Accordingly, we overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

170672F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RIGOBERTO MENDEZ CARRILLO, Appellant

No. 05-17-00672-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-00405-M.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2018.