

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

Nos. 07-17-00358-CR
07-17-00359-CR

_____

THOMAS EDWARD ROMAINE, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 73,530-E & 73,531-E; Honorable Douglas R. Woodburn, Presiding

August 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Thomas Edward Romaine, was charged by indictment with two separate offenses of aggravated assault with a deadly weapon,[1] enhanced by a prior

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). As indicted, the offense was a second degree felony punishable by confinement of not more than twenty years or less than two years and by a fine not to exceed $10,000. § 12.33(a).

felony conviction,[2] alleged to have been committed during the same criminal episode. Following a bench trial, Appellant was convicted of each offense and sentenced to seven years in the Institutional Division of the Texas Department of Criminal Justice, with the two sentences to be served concurrently. By a single issue, Appellant contends the evidence was insufficient to support the trial court's finding that he used or exhibited a deadly weapon during the commission of the offense. We affirm.

BACKGROUND

On February 6, 2017, Appellant had an altercation with Evelyn Joyce Luke, a woman with whom he had a prior relationship. According to the testimony of Ms. Luke, the altercation started when Appellant either spilled or threw a drink on her. Following that, the two proceeded to push each other until both parties fell. Ms. Luke testified that Appellant then got on top of her and put a knife in her mouth before jerking it out, resulting in her lip being cut. While this altercation was occurring, the parties were approached by Jared Channing Woodruff who told Appellant to get off Ms. Luke. Appellant then told Mr. Woodruff that it was none of his business. Mr. Woodruff testified that after an exchange of words, Appellant pulled a knife out and threatened to stab him in the neck. Appellant testified, denying he ever had a knife and denying he ever threatened to stab Mr. Woodruff. While no knife was ever recovered or offered into evidence, the knife was described as a pocket folding knife with a blade of approximately six inches.

---

[2] As enhanced, the offense was punishable as a first degree felony, i.e., by imprisonment for life, or for any term of not more than ninety-nine years or less than five years, together with a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2017).

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State,* 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

Here, the trial judge was the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and as a reviewing court we must defer to those determinations and not usurp his role by substituting our judgment for that of the trial judge. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively

3

establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)).

A person commits the offense of aggravated assault with a deadly weapon by intentionally or knowingly threatening another with imminent bodily injury while using or exhibiting a deadly weapon during the commission of that threat. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Since this statute requires that the deadly weapon be used "during the commission" of the offense, the State must establish that the weapon was a deadly weapon and that it was used at some point at or before the offense was complete. *Johnson v. State*, 271 S.W.3d 756, 761 (Tex. App.—Waco 2008, pet. ref'd). A weapon is considered to be a "deadly weapon" if it was used in a manner that it was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2017).

ANALYSIS

Here, the trial court was faced with direct testimony that Appellant both used and did not use a knife during the commission of each offense. As the fact finder, it was for the trial judge to consider the credibility of the witnesses and make determinations as to what evidence he would believe. While Appellant contends the evidence does not establish beyond a reasonable doubt that he used or exhibited a knife "at some point at or before the offense [was] complete," and that the knife was capable of causing death or serious bodily injury, the State presented evidence as to both elements. As to the issue of use during the commission of the offense, the testimony of each victim was that each personally observed Appellant wield a knife "during" the commission of the offense against each of them. Concerning the issue of whether the knife was capable of causing

4

death or serious bodily injury, testimony was presented that the weapon was a folding pocket knife approximately six inches long. *See Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017) (finding that defendant need not have actually inflicted harm on the victim and character of the instrument used as a deadly weapon may be inferred from factors such as proximity to victim and size, shape, and sharpness of the weapon). Furthermore, while Appellant denied that he ever used such a weapon, he testified that a knife was a "dangerous thing," capable of causing death or serious bodily injury.

Therefore, based on the record before us, we cannot say there is no evidence or merely a modicum of evidence supporting the trial court's finding that Appellant used a deadly weapon during the commission of the assault. Nor can we say that the absence of use of a deadly weapon was established beyond a reasonable doubt. Therefore, we find the trial court's finding regarding the use or exhibition of a deadly weapon, to-wit: a knife, during the course of the commission of each offense was supported by legally sufficient evidence. Issue one is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.