

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00492-CR

Oscar Mauricio Paredes **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR10052
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

On June 28, 2017, a Bexar County jury found Appellant Oscar Mauricio Paredes Perez guilty of aggravated assault with a deadly weapon and assessed punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000.00 fine. In accordance with the jury's recommendation, the trial court suspended and probated the confinement and fine for a period of five years. The trial court also ordered Perez to pay restitution in the amount of $1,000.00, and to submit to ninety days' confinement in the Bexar County Jail as a condition of his probation. On appeal, Perez asserts (1) the trial court erred in

admitting the videotaped recording because it was not properly authenticated and is inadmissible due to the lack of audio on the recording, and (2) the evidence is insufficient to show the use or intended use of a deadly weapon.

Because we conclude that the State properly laid the necessary predicate for admitting the videotaped recording and there is sufficient evidence to sustain the jury's deadly weapon finding, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2016, Eduardo Aragon and Perez were both working in the kitchen at La Playa Restaurant. Aragon was washing dishes and Perez was shucking oysters; as the men worked, a radio played in the background. After several exchanges regarding the volume, a fight ensued between the two men. Both parties exchanged punches.

Aragon sustained several scrapes and a cut on his head; he testified both injuries were caused by the shucking knife, which was located in Perez's hand during the altercation. In fact, Aragon testified that Perez "was trying to penetrate me or kill me [with the knife]." Aragon explained that he was able to use the heavy rubber apron he was wearing to help protect him from the blade and ultimately grab the knife away from Perez. Perez countered that the cut on Aragon's head was caused by the metal shelving into which Aragon was pushed and that Perez dropped the knife after pushing Aragon. Both Aragon and Perez testified that Perez made threats prior to March 6, 2016.

Detective Molina, the responding officer, testified that the shucking knife's four-inch blade was capable of causing serious bodily injury or death.

The jury found Perez guilty and assessed punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000.00 fine. Pursuant to the jury's recommendation, the trial court suspended and probated the confinement and fine for

a period of five years. The trial court also ordered Perez to pay restitution in the amount of $1,000.00, and to submit to ninety days' confinement in the Bexar County Jail as a condition of his probation. Perez appeals.

**PROPER AUTHENTICATION OF A VIDEOTAPED RECORDING**

We turn first to Perez's contention that (1) the videotaped recording was not properly authenticated because there were no distinctive characteristics on the recording, such as a date and time stamp; (2) there was no factual evidence to prove that the videotaped recording was authentic; (3) and that the videotaped recording is inadmissible due to lack of audio on the recording.

**A.      Standard of Review**

An appellate court reviews a trial court's admission of evidence under an abuse of discretion standard. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998); *Watson v. State*, 421 S.W.3d 186, 189 (Tex. App.—San Antonio 2013, pet. ref'd). "The trial court does not abuse its discretion by admitting evidence unless the court's determination lies outside the zone of reasonable disagreement." *Watson*, 421 S.W.3d at 190 (citing *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007)). "A trial court judge is given considerable latitude with regard to evidentiary rulings. Different trial judges may 'reach different conclusions in different trials on substantially similar facts without abusing their discretion.'" *Fowler*, 544 S.W.3d at 848 (quoting *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007)).

*1.      Texas Rule of Evidence 901*

An item of evidence is properly authenticated when "the proponent produces sufficient evidence to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a); *see also Angleton*, 971 S.W.2d at 67. "The question before the trial court is whether 'a

reasonable juror could find that the evidence has been authenticated or identified.'" *Watson*, 421 S.W.3d at 190 (quoting *Druery*, 225 S.W.3d at 502).

### 2. Necessary Predicate

"Video recordings without audio are treated as photos and are properly authenticated when it can be proved that the images accurately represent the scene in question and are relevant to a disputed issue." *Fowler*, 544 S.W.3d at 849 (citing *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988)); *Watson*, 421 S.W.3d at 190. Any witness may lay the predicate "so long as the witness can provide testimony based on personal knowledge, sufficient to support a finding that the matter in question is what its proponent claims." *Watson*, 421 S.W.3d at 190 (citing *Huffman*, 746 S.W.2d at 222); *accord* TEX. R. EVID. 901(b)(1).

Contrary to Perez's assertion, the videotaped recording bears a visible date and time stamp constituting a distinctive characteristic. *See Fowler*, 544 S.W.3d at 849 (relying on date and time on surveillance videotape and part of circumstantial evidence used to authenticate); *see also* TEX. R. EVID. 901(b)(4). The date and time also aligns with Aragon's testimony. *See Fowler*, 544 S.W.3d at 849 (providing that the receipt with a date and time stamp matched the date and time stamp of the store surveillance videotaped recording of the appellant purchasing the items). Aragon testified he had personal knowledge of the incident; this testimony was corroborated by the videotaped recording itself which depicts Aragon at the scene during the incident in question. *See Huffman*, 746 S.W.2d at 222; *see also Standmire v. State*, No. 10–13–00282–CR, 2014 WL 3882940, at *6 (Tex. App.—Waco Aug. 7, 2014, pet. ref'd). Aragon specifically testified the videotaped recording was an accurate representation of the scene and had no additions or deletions. *See Fowler*, 544 S.W.3d at 848; *see also Rice v. State*, No. 05-15-01427-CR, 2017 WL 359755, at *3 (Tex. App.—Dallas Jan. 19, 2017, pet. ref'd) (mem. op., not designated for publication) (concluding officer's testimony that no alterations or deletions had been made to the videos and

that the videos accurately reflected the scene on the date in question was probative of authentication). We, therefore, conclude the trial court did not err in admitting the silent videotaped recording into evidence because the State properly laid the necessary predicate. Perez's first issue is overruled.

SUFFICIENT EVIDENCE FOR A DEADLY WEAPON FINDING

We turn next to Perez's contention that the evidence was insufficient to support the jury's deadly weapon finding.

## A. Standard of Review

This court reviews the legal sufficiency of the evidence in the light most favorable to the verdict to determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Linares v. State*, 427 S.W.3d 483, 489 (Tex. App.—San Antonio 2014, no pet.) (quoting *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009)); *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017).

### 1. Aggravated Assault with a Deadly Weapon

"A person commits an assault if they intentionally, knowingly, or recklessly cause bodily injury." TEX. PENAL CODE ANN. § 22.01(a). An assault is aggravated if the person "uses or exhibits a deadly weapon . . . ." TEX. PENAL CODE ANN. § 22.02(a). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 107(a)(17). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46).

In determining whether a weapon is deadly, the court considers the defendant's words and "other threatening actions, including the defendant's proximity to the victim; the weapon's ability

to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon." *Johnson*, 509 S.W.3d at 323.

  *2.  The Evidence*

  Perez testified that he wore a glove while shucking oysters because the knife was sharp and previously cut his hand. *See Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio, 2007, pet. ref'd) ("The factors to consider include the size, shape, and sharpness of the knife; the manner of its use or intended use; the nature or existence of inflicted wounds; evidence of the knife's life-threatening capabilities; the physical proximity between the victim and the knife; and any words spoken by the one using the knife."). He specifically testified that the same knife "went through my hand." The videotaped recording shows Perez intentionally push Aragon with the knife in his hand and Aragon testified that he could clearly see the knife and could feel the knife cut his head. *See id.*; *see also Johnson*, 509 S.W.3d at 324. Before Perez attacked Aragon, he made a threat to the effect of causing harm if Aragon turned the volume down on the radio. *See Johnson*, 509 S.W.3d at 324. Perez was only a few feet away from Aragon and chose not to put the knife down when he initiated the attack. *See id.*

  Based on Perez's testimony and Aragon's injuries, the "jury could have reasonably inferred that the knife was [sharp] enough . . . such that it was capable of causing serious bodily injury or death." *See Magana*, 230 S.W.3d at 414. "A jury could have also reasonably inferred from [Perez's] threat, his proximity to [Aragon] . . . that the manner in which [Perez] used the knife, or intended to use the knife, rendered it capable of causing serious bodily injury or death." *Johnson*, 509 S.W.3d at 324. We thus conclude, having reviewed the evidence in the light most favorable to the trial court's ruling, that the jury could have found the essential elements of aggravated assault beyond a reasonable doubt. *See Linares*, 427 S.W.3d at 489.

**CONCLUSION**

Because we conclude that the State properly laid the necessary predicate for admitting the videotaped recording, and that there is sufficient evidence to support the jury's deadly weapon finding, we affirm the judgment of the trial court.

Patricia O. Alvarez, Justice

DO NOT PUBLISH