

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00435-CR
_____

ANDREW EDWARD PARKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1520505D

Before Birdwell and Bassel, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired, Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

A jury convicted Appellant Andrew Edward Parker of the second-degree felony offense of aggravated assault with a deadly weapon, specifically, a knife that in its manner of use or intended use was capable of causing death or serious bodily injury. Appellant pled true to the repeat offender notice, and the jury assessed his punishment at fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly, and the judgment includes an affirmative deadly weapon finding. In his sole issue, Appellant contends that the evidence was legally insufficient to support the finding that he used a deadly weapon in committing the assault.[1] Because we hold that the evidence was sufficient to support his conviction for aggravated assault and the affirmative deadly weapon finding, we affirm the trial court's judgment.

## BRIEF FACTS

Steve Dickinson and Appellant worked in Arlington, Texas for the same meat-selling company. Dickinson believed that Appellant had taken his sunglasses, so when Appellant backed his truck up to their employer's loading dock, Dickinson confronted him, reached inside Appellant's truck, and picked up what he thought was his pair of sunglasses. When Dickinson realized the object he had picked up was not

---

[1]*See* Tex. Penal Code Ann. §§ 22.02(a)(2), 42A.054(c).

his sunglasses, he dropped it. Appellant reacted to Dickinson's accusing him and grabbing the object out of his truck by threatening to kill him.

Denny Harroff, the employer's manager, saw the dispute between the two men and also saw that Appellant had a switchblade knife. When Harroff saw the knife, he was standing about eight feet away from the other two men. Harroff had seen Appellant carrying a switchblade knife in the past and had instructed him to stop carrying it because it could intimidate customers. Dickinson and Harroff both called 911.

Corporal Tabitha Brown and Officer James Salellas of the Arlington Police Department were nearby and responded to the 911 calls. When they arrived, they saw Appellant standing in the bed of his truck and holding his keys, not a knife. The police did find a pocketknife in a clip attached to the back of Appellant's pants, but they did not believe the pocketknife was used in the assault, nor did they believe that it was evidence of a crime.

After the police handcuffed Appellant, Corporal Brown saw a switchblade knife on the ground near the front of his truck, within five feet of where he was handcuffed and "[t]he length of . . . a small GMC Sierra truck" from where he initially was standing—in his truck bed—when the police arrived. Corporal Brown testified that the switchblade knife was a deadly weapon.

3

**SUFFICIENCY OF THE EVIDENCE**

A person commits an assault if he "intentionally or knowingly threatens another with imminent bodily injury."[2] The offense is enhanced to aggravated assault if the person "uses or exhibits a deadly weapon during the commission of the assault."[3] In his only issue, Appellant contends that the evidence is insufficient to show that he wielded a switchblade knife or that a pocketknife is a deadly weapon. He does not challenge the sufficiency of the evidence to support any other elements of the conviction.

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged.[4] In our due-process review of the sufficiency of the evidence to support both that Appellant used a deadly weapon in the assault and the deadly-weapon finding, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have made those findings.[5] This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences

---

[2]*Id.* § 22.01(a)(2).

[3]*Id.* § 22.02(a)(2).

[4]*Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV.

[5]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brister v. State*, 449 S.W.3d 490, 493 (Tex. Crim. App. 2014); *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

from basic facts to ultimate facts.[6]

A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."[7] A knife is "any bladed hand instrument that is capable of inflicting serious bodily injury or death by cutting or stabbing a person with the instrument."[8] A knife is a deadly weapon when in "the manner of its use or intended use [it] is capable of causing death or serious bodily injury."[9] A defendant does not have to injure a complainant with a knife for it to be a deadly weapon.[10]

In determining the sufficiency of the evidence supporting the jury's finding that Appellant used a deadly weapon during the assault and the affirmative deadly weapon finding, we consider Appellant's "words and other threatening actions . . . , including [his] proximity to [Dickinson]; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which [Appellant] used the weapon."[11] No single factor alone is dispositive.[12] If the

---

[6] *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

[7] Tex. Penal Code Ann. § 1.07(a)(17)(B).

[8] *Id.* § 46.01(7).

[9] *Id.* § 1.07(a)(17)(B).

[10] *See Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017).

[11] *Id.*

5

jury could have rationally found that Appellant used, or intended to use, a knife that was capable of causing death or serious bodily injury, the evidence is sufficient to support that element of aggravated assault and the deadly weapon finding.[13]

In his challenge to the sufficiency of the evidence supporting the jury's verdict that he used a deadly weapon during the assault and the related deadly weapon finding, Appellant relies on the police officers' not finding the switchblade knife on or "near" him and their testimony that mistaking a set of keys for a knife would be reasonable because both are shiny. Alternatively, he also points to the absence of evidence that a pocketknife is a deadly weapon.

Dickinson specifically testified that Appellant pulled out the switchblade knife, threatened to stab him, told him he was affiliated with gangs, and said that he could "still kill" Dickinson. Both Dickinson and Harroff testified that Appellant threatened Dickinson with a switchblade that was capable of causing Dickinson's death.

Corporal Brown recognized as a switchblade the knife she found in front of Appellant's truck. She testified that the switchblade knife was a deadly weapon. In addition to testimony that the switchblade knife found at the scene was a deadly weapon, the knife was admitted into evidence before the jury. The jury therefore had

---

[12]*See id.*

[13]*See id.*

the opportunity to view the knife and to compare it with the testimony describing it, and the record shows that they did examine the knife during their deliberations.

Further, it was the jury's exclusive responsibility to resolve the conflicts in the evidence—such as Harroff's testimony that Appellant was holding the switchblade knife when the police arrived and the officers' testimony that when they arrived, Appellant was holding his keys and not holding a knife—and to make reasonable inferences from that evidence.[14] We defer to the jury's resolution.[15]

Considering the record as a whole, and applying the appropriate standard of review, we hold that the evidence is sufficient to support the jury's determination that Appellant used and exhibited a deadly weapon—the switchblade knife—to threaten Dickinson with imminent death or serious bodily injury as alleged in the indictment as well as the affirmative deadly weapon finding. Given this holding, we do not reach Appellant's argument about his pocketknife.[16] We, therefore, overrule Appellant's sole issue on appeal.

---

[14]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

[15]*See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

[16]*See* Tex. R. App. 47.1.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot

Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 27, 2019