

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0703-20

### JESSIE LEE BROOKS JR., Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### MILAM COUNTY

**KELLER, P.J., delivered the opinion of a unanimous Court.**

Appellant was charged with aggravated assault. The indictment alleged the underlying assault as assault by threat, with the threat being verbal. The court of appeals held that the evidence did not show a verbal threat and that the nonverbal use of a deadly weapon varied from the allegations in the indictment. In its petition for discretionary review and initial briefing, the State contended that the nonverbal use of a deadly weapon sufficiently conformed to the indictment. On our own motion, we granted review of whether or not the evidence showed a verbal threat. Specifically, we asked the parties to brief whether a particular statement alleged to have been made

by the defendant—"I need to hit"—constituted a verbal threat. We now conclude that a rational trier of fact could have found the statement to have constituted a verbal threat. Consequently, we hold that the court of appeals erred in concluding that the evidence did not show a verbal threat, and we remand the case for further proceedings. Because of this disposition, we need not reach the State's contention regarding the nonverbal use of a deadly weapon.

## I. BACKGROUND

### A. Facts

Appellant was indicted for the offense of family-violence aggravated assault. The indictment alleged that he "did then and there intentionally or knowingly threaten Lisa Grayson . . . with imminent bodily injury by telling her that he was going to end her life, and the defendant did use or exhibit a deadly weapon during the commission of the assault, to wit: a piece of wood."

A police officer testified that Grayson said that Appellant hit her with a wooden board. Grayson testified that Appellant beat her with a two-by-four, that she tried to protect herself with her arms, that he hit her on her arms and her hand, and that he was "just constantly hitting" her. Grayson's written statement to the police was admitted into evidence, and the part that described the offense was read to the jury as follows:

> He grabbed my neck, started choking me so hard I couldn't breathe, and then he grabbed a board and started hitting me so hard I told Jessie he was hurting me. So he told me I need to hit -- I believe -- so he kept hitting me with the board. Then after started hitting my fingers until they started bleeding.

The jury found Appellant guilty.[1]

### B. Appeal

---

[1] Appellant was also charged with and acquitted of family-violence assault by impeding breath of a family member.

On appeal, Appellant challenged the sufficiency of the evidence to prove the "threat" element of the offense. He conceded that "the State need not have proven the exact words of the verbal threat in the indictment" but argued that it had to prove a verbal threat of some kind.[2] The court of appeals observed that the key to identifying different offenses is pinpointing the allowable unit of prosecution for each offense.[3] The court concluded that the aggravated assault offense in this case was a "nature of conduct" offense, with threatening conduct being the unit of prosecution, because the base offense was assault by threat.[4] The court further concluded that the "telling her that he was going to end her life" language in the indictment required a verbal threat of some sort and that there was no evidence of a verbal threat.[5] The court acknowledged Grayson's statement that Appellant told her "I need to hit," but the court held that no rational juror could discern a threat in that statement.[6] The court conceded that the evidence showed a nonverbal threat (with a board), but it concluded that that threat was separate conduct from a verbal threat and so was a separate crime from the one charged in the indictment.[7] Consequently, the court of appeals found a material variance

---

[2] *Brooks v. State*, 604 S.W.3d 239, 247 (Tex. App.—Austin 2020).

[3] *Id.* at 246.

[4] *Id.* at 247-48.

[5] *Id.* at 248.

[6] *Id.* ("The only evidence suggestive of a verbal threat in this case was Grayson's written statement for the police. In it, she wrote that, during the assault, Brooks 'told me I need to [h]it.' She never described any other statement that Brooks allegedly made, and the State offered no evidence of any other alleged verbal threat. We conclude that no rational juror could discern a threat in the statement here, 'he told me I need to [h]it.'") (brackets in the court of appeals opinion).

[7] *Id.* at 247-48.

between the allegations in the indictment and the proof at trial.[8] After concluding that the conviction could not be reformed to a conviction for a lesser-included offense, the court of appeals reversed the judgment of conviction and rendered a judgment of acquittal.[9]

### C. Discretionary Review

In its petition and initial briefing, the State contended that a nonverbal threat from the deadly weapon alleged in the indictment sufficiently conformed to the indictment's allegations. On our own motion, we granted review of the following issue: "Does the statement 'I need to hit,' that the victim said that Appellant told her, constitute a verbal threat?"[10] We ordered the parties to brief this issue, and they have done so.

The State argues that the statement constituted a verbal threat in the context in which it was made—Grayson being hit by a board, Appellant uttering the statement, and Appellant continuing to hit the victim with the board.

Appellant contends that the words "I need to hit" might or might not constitute a threat, depending on the context in which the words are uttered. The short answer, he says, is, "It depends." Appellant contends that the words do not constitute a threat in his case because they were uttered after the assault occurred. He further contends that the State offered no nexus to connect the utterance to a verbal assault. He further argues that Grayson's written statement relating what he said is ambiguous and that she could have been saying that Appellant was telling her to hit him back.

---

[8] *Id.* at 248.

[9] *Id.* at 249-51.

[10] TEX. R. APP. P. 66.1 ("The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67.").

He also contends that, because (according to Grayson's testimony) he had already commenced hitting her with the board, she was already in fear of bodily injury when he said, "I need to hit." Appellant cites several cases in which the phrase "I need to hit" was included in a defendant's statement as examples of the phrase being a verbal threat, but he contends that the facts of those cases are distinguishable from the facts of his case because the words were uttered before any assault. Finally, he argues that threats are "forward looking" statements about what the actor intends to do and that the utterance in his case was a "backward looking" statement about why he physically attacked Grayson.

## II. ANALYSIS

We agree with the State that a rational trier of fact could have found, under the evidence in this case, that the statement "I need to hit" was a verbal threat. In a sufficiency review, the reviewing court must consider all of the evidence in "the light most favorable to the prosecution."[11] And the reviewing court must "consider the combined and cumulative force of all admitted evidence and reasonable inferences therefrom."[12] In concluding that it could not discern a threat from the victim's statement that Appellant "told me I need to hit," the court of appeals failed to adhere to these principles. A rational jury could have concluded that Appellant verbally conveyed to Grayson that he would continue hitting her with the board because he needed to hit her.

Appellant's position is that the utterance "I need to hit" is ambiguous both in the abstract and in the context of his own case. Viewing evidence in the "the light most favorable to the prosecution"

---

[11] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hernandez v. State*, 556 S.W.3d 308, 315 (Tex. Crim. App. 2017) (op. on original subm'n).

[12] *Johnson v. State*, 509 S.W.3d 320, 322 (Tex. Crim. App. 2017).

ordinarily means resolving any ambiguities in the evidence in the prosecution's favor. The evidence is sufficient if "any" rational trier of fact could have so concluded.[13] Even assuming Appellant is correct that Grayson's rendition of Appellant's statement could be construed as an invitation to Grayson to fight back, a rational jury did not have to construe it that way. A rational jury could have, instead, viewed the statement as an expression of the *Appellant's* "need to hit."

Further, we disagree with Appellant's characterization of the utterance as occurring after the physical assault. The phrase, "I need to hit" occurred during Appellant's physical assault on Grayson. Appellant beat her, told her "I need to hit," and beat her some more. The nexus between the utterance and the physical assault is obvious, and a rational jury could have concluded that the utterance was a threat to continue physically assaulting Grayson—a threat that Appellant carried out. And contrary to Appellant's suggestion, the fact that Grayson was already in fear of serious bodily injury did not preclude her from being threatened again. And even if the statement could be construed as a backward-looking explanation for why the defendant had already hit Grayson, it could also be seen as a forward-looking statement of Appellant's intent to continue to hit her—an intent that he carried out.

We conclude that a rational jury could have concluded that the statement "I need to hit" constituted a verbal threat by Appellant to Grayson. We reverse the judgment of the court of appeals and remand the case for further proceedings consistent with our opinion.

Delivered: November 10, 2021

Publish

---

[13] *Jackson*, 443 U.S. at 319.