

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00273-CR

---

RICHARD EARL CURTIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 21-3584, Reed A. Filley, Presiding

---

August 10, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Richard Earl Curtis, was convicted by a jury of burglary of a habitation,[1] enhanced, with an affirmative finding on use of a deadly weapon. He was sentenced to thirty-two years' confinement. He appeals his conviction by two issues asserting (1) the trial court erred in admitting evidence of extraneous offenses and (2) the evidence is legally insufficient to establish his guilt. We affirm.

---

[1] TEX. PENAL CODE ANN. § 30.02(a), (d).

BACKGROUND

Appellant and the victim are married. On January 6, 2020, after he had been criminally trespassed from the victim's residence, he knocked on the bedroom window and asked her to open the door. When she refused, Appellant broke the window with a stick or handle and made his way inside. He then threatened her with the stick and told her he would beat her with the stick if she called law enforcement. Eventually, Appellant left the residence.

## ISSUE ONE—EXTRANEOUS OFFENSES

We review a trial court's evidentiary ruling for abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Madrid v. State*, Nos. 07-08-00424-CR, 07-08-00477-CR, 2009 Tex. App. LEXIS 7532, at *5 (Tex. App.—Amarillo Sept. 28, 2009, no pet.) (mem. op., not designated for publication). Under it, we cannot reverse a trial court's ruling that falls within the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). Nor may we reverse if the decision is correct on any theory of law applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016).

During trial, a hearing was held outside the jury's presence to determine the admissibility of the following extraneous offenses:

1. June 20, 2020 – violent acts occurring inside the victim's residence;

2. March 15, 2019 – Appellant threatened to kill the victim with a knife inside her residence; and

3. January 23, 2008 – Appellant assaulted the victim in her residence and left a red hand imprint on her cheek.

Appellant objected that the incidents were not relevant during guilt/innocence and violated Rules 401, 402, 403, and 404 of the Texas Rules of Evidence as well as article 38.371 of the Texas Code of Criminal Procedure. The trial court overruled the objection.

Here, Appellant asserts the trial court's admission of the extraneous incidents was substantially prejudicial. We disagree.

Extraneous-offense evidence may be admissible when it has relevance apart from character conformity. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). Article 38.371(a) provides an avenue for admissibility of evidence regarding the nature of the relationship between the actor and the victim to assist the trier of fact in determining whether a defendant has committed certain family violence related offenses. *Franco v. State*, No. 08-18-00040-CR, 2020 Tex. App. LEXIS 4451, at *20, 22 (Tex. App.—El Paso June 15, 2020, no pet.) (mem. op., not designated for publication) (noting the "Legislature has determined under article 38.371 that the nature of the relationship itself is a permissible, non-character-conformity purpose for which evidence is admissible"). "This article applies to a proceeding in the prosecution of a defendant for an offense, or for an attempt or conspiracy to commit an offense, for which the alleged victim is a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." TEX. CODE CRIM. PROC. ANN. art. 38.371(a). Subsection (b) of the same article provides: "[i]n the prosecution of an offense described by Subsection (a), subject to the Texas Rules of Evidence or other applicable law, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim." Art. 38.371(b).

At trial, the State offered various grounds for admission of the aforementioned evidence. One such ground included "that all of this goes to the nature of the relationship between" the victim and Appellant. The State argued for admissibility under Rule 404(b)(2) because assault family violence cases are "more complicated than the one incident."

No one disputes the victim was Appellant's wife. They had a history of violence. The evidence in question would be admissible under article 38.371 to depict the nature of their relationship. *James v. State*, 623 S.W.3d 533, 545–46 (Tex. App.—Fort Worth 2021, no pet.). Appellant has not shown that admission of the extraneous offenses substantially outweighed the danger of unfair prejudice. Issue one is overruled.

**ISSUE TWO—LEGAL SUFFICIENCY OF THE EVIDENCE**

Appellant asserts the State's evidence was insufficient to support his conviction. This, Appellant contends, is so given inconsistencies between the victim's trial testimony and earlier pretrial statements and the lack of evidence establishing the stick was a deadly weapon.

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). As to the

4

testimony of witnesses, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses. TEX. CODE CRIM. PROC. ANN. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). We cannot re-evaluate the weight and credibility determinations made by the factfinder, *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), and we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To prove an aggravated assault was committed during the course of the burglary, the State was required to show Appellant assaulted the victim by threatening her with imminent bodily injury. TEX. PENAL CODE ANN. §§ 21.01(a)(2), 22.02(a)(2). Appellant argues there is no evidence of a threat of imminent bodily injury to the victim.

The victim reluctantly testified and at times, contradicted her sworn statement. Yet, the jury was presented with the victim's sworn statement showing that while Appellant held the stick, he threatened to beat her to death with it if she called police. Although the stick was not recovered, the jury heard testimony from the victim how the stick was used to break the bedroom window. Despite inconsistencies between the victim's trial testimony and earlier pretrial statements which raised credibility issues, the jury, as factfinder, was free to believe or disbelieve any portion of the testimony and, as evinced by the verdict, chose to believe the victim's pretrial version.

Appellant also argues there is no evidence the "stick" was a deadly weapon. The Court of Criminal Appeals has stated that "objects used to threaten deadly force are deadly weapons." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). Objects that are not usually considered dangerous weapons may become so, depending on the manner in which they are used during the commission of an offense. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). The State is not required to prove an item

5

can actually cause death or serious bodily injury to justify a deadly-weapon finding. *Daniels v. State*, No. 07-21-00156-CR, 2022 Tex. App. LEXIS 3284, at \*16 (Tex. App.—Amarillo May 13, 2022, pet. ref'd).  The State need only show that the manner in which the item was used or intended to be used was "capable" of causing death or serious bodily injury.  *See id.* at \*17.  *See also* TEX. PENAL CODE ANN. § 1.07(a)(17)(B).  Additionally, the State is not required to prove the victim was injured to support a deadly-weapon finding. *King v. State*, No. 07-21-00164-CR, 2023 Tex. App. LEXIS 73, at \*6 (Tex. App.—Amarillo Jan. 9, 2023, no pet.) (mem. op., not designated for publication) (citing *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017)).

According to the victim's sworn statement, Appellant used a stick to break a bedroom window and threatened to "beat [her] to death" if she called police.  She testified one of the officers said it was a "big" stick.  We find there was sufficient evidence to support Appellant's conviction and the deadly-weapon finding.  Issue two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.