**Affirmed as Modified and Opinion Filed June 25, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00239-CR
## No. 05-23-00240-CR

**DAVID STEVEN LEAKEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2223831-S and F-2223866-S**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Miskel

David Steven Leakey appeals the trial court's judgments convicting him of aggravated assault (appellate cause no. 05-23-00239-CR and trial court cause no. F-2223831-S) and harassment of a public servant (appellate cause no. 05-23-00240-CR and trial court cause no. F-2223866-S). The jury found Leakey guilty of both offenses, and the trial court assessed his punishment at fifteen years of imprisonment for the aggravated-assault offense and ten years of imprisonment for the harassment-of-a-public-servant offense, to be served concurrently.

Leakey raises three issues on appeal arguing: (1) the evidence is insufficient to support the deadly weapon finding in the aggravated-assault case; (2) the trial court erred when it assessed costs in both judgments because the offenses were tried together and arose out of a single criminal action; and (3) the trial court erred when it violated his common law right to allocution.

We conclude the evidence is sufficient and Leakey failed to preserve for appellate review his issue relating to a common-law right to allocution, but the trial court erred when it assessed costs in both judgments. The trial court's judgment in the aggravated-assault case (appellate cause no. 05-23-00239-CR and trial court cause no. F-222831-S) is affirmed and the trial court's judgment in the harassment-of-a-public-servant case (appellate cause no. 05-23-00240-CR and trial court cause no. F-2223866-S) is affirmed as modified.

## I.       Factual and Procedural Background

Leakey lived in a condominium across from Janice Street who was seventy years of age. The front entrances to their condominiums faced each other with a small common area in between. Leakey had a habit of throwing trash in the common area and, when he did so, it would sometimes hit Street's window. Street cleaned up Leakey's trash several times as did her upstairs neighbor. She would also hear loud noises coming from Leakey's condominium.

On January 31, 2022, Belinda Chambers was visiting Street who is her mother. They were in the kitchen cooking dinner when they heard a loud bang

against the window, so they went outside to investigate. Outside, they found trash along the breezeway, walkway, and near Street's living room window. It appeared that a beer bottle inside a brown bag was the cause of the loud noise against the window. Street swept the trash in the direction of Leakey's door. Chambers saw that her mother was upset and told her that she needed to calm down and an upstairs neighbor called out for Street to "just leave it alone." Instead, Street banged on Leakey's door, calling for him to come outside and pick up his trash.

According to Street and Chambers, Leakey rarely comes outside. However, this time, he opened the door and punched Street in the stomach with a metal stick, then raised it to strike Street again. Street raised her arm in defense, resulting in Leakey striking her upraised arm with the metal pole. After striking Street two times, he went back inside his condominium. Street and Chambers believed the metal stick was either a golf club with the head removed or a fireplace poker.

Chambers called 911. Street sustained a bruise and a cut to her arm that she stated "hurt." According to Chambers, Street's arm was bleeding a lot because her mother takes blood-thinning medication. The police and an ambulance arrived. Street was treated in the ambulance where her arm was bandaged; she was not transported to the hospital. The police knocked on Leakey's door but he did not answer.

The police executed a warrant to search Leakey's condominium. They made a forced entry because Leakey would not come out of his home. Inside, the police

found a golf club with the head removed with some dried blood on it that they believed was the weapon used to assault Street. Leakey was arrested and, while Leakey was in the back of a police vehicle being transported to the jail, Leakey spit on Officer Caleb Maldonado.

Leakey was indicted for the offenses of aggravated assault and harassment of a public servant. During his trial, Leakey testified on his own behalf. The jury found Leakey guilty, and the trial court assessed his punishment at fifteen years of imprisonment for the aggravated-assault offense and ten years of imprisonment for the harassment-of-a-public-servant offense.

## II.    Sufficiency of the Evidence

In issue one, Leakey argues the evidence is insufficient to support the deadly-weapon finding in the aggravated-assault case. He claims the jury's deadly-weapon finding was not rational because there is no evidence that the manner of the modified golf club's use or intended use was capable of causing death or serious bodily injury. He requests that we reform the judgment in his aggravated-assault case to reflect a conviction for misdemeanor assault and remand the case to the trial court for a new hearing on punishment.

Leakey does not challenge the sufficiency of the evidence to support his conviction for harassment of a public servant.

**A.  Standard of Review**

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence. *Braughton v. State*, 569 S.W.3d 592, 607 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979)). When assessing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19; *Witcher v. State*, 638 S.W.3d 707, 709–10 (Tex. Crim. App. 2022). Further, an appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Witcher*, 638 S.W.3d at 710. An appellate court will consider all evidence when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

**B.  Applicable Law**

A person commits aggravated assault if the person commits assault as defined in § 22.01 of the Texas Penal Code and either causes serious bodily injury to another, or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a). A person commits assault under § 22.01 if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another;

(2) intentionally, knowingly, or recklessly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when the person knows or reasonably believes that the other will regard the contact as offensive or provocative. *Id.* § 22.01(a).

A "deadly weapon" is defined to include (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46); *Garcia v. State*, 667 S.W.3d 756, 762–63 (Tex. Crim. App. 2023). "Bodily injury" means physical pain, illness, or any impairment of physical condition. PENAL § 1.07(a)(8); *Garcia*, 667 S.W.3d at 762. A golf club is not a deadly weapon per se, but it may become a deadly weapon if, in the manner of its use or its intended use, it is capable of causing death or serious bodily injury. *Hayes v. State*, No. 05-97-01205-CR, 1998 WL 821577, at *3 (Tex. App.—Dallas Nov. 30, 1998, no pet.) (not designated for publication).

When conducting a sufficiency review of a deadly-weapon finding, an appellate court engages in a two-step process that requires it to determine: (1) whether the object could be a deadly weapon under the facts of the case; and (2) whether the object was used or exhibited during the commission of the offense.

*Flores v. State*, 620 S.W.3d 154, 158 (Tex. Crim. App. 2021). The nature of the object itself does not limit whether that object may be a deadly weapon. *Id*. at 158--59. Rather, it is the manner of the defendant's use or intended use of that object that provides any meaningful limitation to the broad statutory definition. *Id*. at 159; *see also Hayes*, 1998 WL 821577, at *3. In determining whether an object is capable of causing serious bodily injury under § 1.07(a)(17)(B), an appellate court considers words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon. *See Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017) (collecting cases discussing factors to be considered).

## C. The Evidence Was Sufficient for a Rational Jury to Conclude that Leakey Used the Modified Golf Club as a Deadly Weapon

Leakey challenges only the sufficiency of the evidence to prove that the modified golf club was a deadly weapon because he contends the record does not demonstrate that Street was actually endangered. He does not challenge the other elements of aggravated assault. As a result, we focus our analysis on whether the modified golf club was capable of causing death or serious bodily injury and was used or exhibited during the assault.

First, we review the evidence to see whether a rational jury could find the modified golf club was a deadly weapon because it was capable of causing death or serious bodily injury. During the trial, Leakey admitted that the modified golf club

was a deadly weapon and stated that he was not contesting that it could be considered a deadly weapon. Instead, Leakey claimed that the modified golf club found by the police in his condominium was not his because the head had been cut off, resulting in the end of the shaft being in a perfect circle. He testified that he broke his golf clubs by hitting them against something which resulted in the end of the shaft being pinched. Although he admitted that even when it is pinched, the shaft has a sharp end and "could be considered a deadly weapon without a doubt." Further, the modified golf club was admitted into evidence, so the jury had the opportunity to view it and determine whether striking someone with it was capable of causing death or serious bodily injury.

Next, we review the evidence to see whether a rational jury could find that the object was used or exhibited during the commission of the offense. Leakey testified that he did not contest that he struck Street with the shaft of the modified golf club. Also, Street and Chambers both testified that when Street pounded on Leakey's door, Leakey opened the door, punched Street in the stomach and struck her on the arm with the modified golf club, and then, retreated back into his house. Street sustained a bruise and a cut to her arm and stated that she felt pain. Chambers stated the cut to Street's arm was bleeding a lot because her mother takes blood-thinning medication.

After reviewing the evidence, we conclude that a rational jury could have found that Leakey used or exhibited a deadly weapon during the commission of the

assault. Accordingly, we conclude the evidence is sufficient to support Leakey's aggravated-assault conviction.

Issue one is decided against Leakey.

### III. Assessment of Court Costs

In issue two, Leakey argues that the trial court erred when it assessed costs in both judgments because the offenses were tried together and arose out of a single criminal action. He requests that we delete the assessment of court costs from one of the judgments.

### A. Applicable Law

When a defendant is convicted of two or more offenses in a single criminal trial, the trial court may assess each court cost or fee only once against the defendant. TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The amount of each fee or cost assessed is determined by using the highest category of offense that is possible based on the defendant's convictions. *Id.* art. 102.073(b). As a result, where a trial court hears all cases against a defendant together in a single criminal action, the trial court must assess each court cost or fee only once, in the judgment of the highest category offense for which the defendant is convicted. *Bailey v. State*, No. 05-22-00064-CR, 2022 WL 17261058, at *9 (Tex. App.—Dallas Nov. 29, 2022, no pet.) (mem. op., not designated for publication).

Where a trial court imposed duplicative court costs and fees in two or more cases in a single criminal action, the proper remedy is for the appellate court to delete

the court costs and fees assessed in the lower degree offense. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding where trial court erroneously includes certain amounts as court costs in judgment, appeals court should reform judgment to delete erroneous amount).

## B. The Trial Court Imposed Duplicative Court Costs and Fees

The records in these cases show that Leakey was convicted of two offenses in a single criminal action, but the trial court assessed court costs in the amount of $286 in the aggravated-assault case (appellate cause no. 05-23-00239-CR and trial court cause no. F-2223831-S) and in the amount of $286 in the harassment-of-a-public-servant case (appellate cause no. 05-23-00240-CR and trial court cause no. F-2223866-S). The aggravated-assault offense is a second-degree felony, while the harassment-of-a-public-servant offense is a third-degree felony. *See* PEN. §§ 22.02(b), 22.11(b).

We conclude the judgment in the harassment-of-a-public-servant case contains an error because it assessed court costs and it is the lower degree offense. Accordingly, we modify the judgment in the harassment-of-a-public-servant case (appellate cause no. 05-23-00240-CR and trial court cause no. F-2223866-S) to state that the court costs are $0.

Issue two is decided in favor of Leakey.

## IV.     Common Law Right of Allocution

In issue three, Leakey argues the trial court erred when it violated his common law right to allocution. He concedes that the trial court complied with Texas Code of Criminal Procedure article 42.07 by asking him whether the sentence should not be pronounced against him, but claims the trial judge did not inquire whether he wished to exercise his common law right to allocution or had anything he wished to assert beyond what is encompassed by article 42.07. He argues this was critical because of the manner in which the State characterized him at trial and because he was denied the opportunity to make a final plea for mercy. As a result, Leakey maintains that he should receive a new hearing on punishment.

### A.     Applicable Law

To preserve error for appellate review, a defendant must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A); *see also Hunter v. State*, No. 05-23-01019, 2024 WL 2972026, at *3 (Tex. App.—Dallas June 13, 2024, no pet. h.). With some exceptions, a defendant in a criminal case forfeits error, even constitutional error, when he fails to make a timely objection or fails to request proper relief. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)[1], *overruled on other grounds*

---

[1] In *Marin*, the Texas Court of Criminal Appeals recognized two "relatively small" categories of errors—violations of "rights which are waivable only" and denials of "absolute systemic requirements"—

–11–

*by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *see also Hunter*, 2024 WL 2972026, at *3.

The term "allocution" refers to a criminal defendant's opportunity to present his personal plea to the court in mitigation of punishment before sentence is imposed. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g); *see also Hunter*, 2024 WL 2972026, at *3. The statutory right to allocution requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07; *see also Hunter*, 2024 WL 2972026, at *3.

To complain on appeal of the denial of the right of allocution—regardless of whether it is statutory or one claimed under the common law[2]—a defendant must timely object. *Hunter*, 2024 WL 2972026, at *3. This Court has repeatedly held that a defendant who fails to timely object to the denial of his right of allocution does not preserve the complaint for appeal. *Id.*

---

which may be addressed on appeal regardless of whether an objection was made in the trial court. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); *see also Hunter*, 2024 WL 2972026, at *2 n.1.

[2] We express no opinion as to whether a common-law right of allocution exists in Texas. In *Decker v. State*, No. 15-18-01259-CR, 2020 WL 614100 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication), this Court discussed the history of allocution rights in Texas. *Decker* stated: "Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, supplanted any potential broader reach of the common-law right remained unanswered." *Id.* at *4; *see also Hunter*, 2024 WL 2972026, at *3 n.2.

–12–

**B.** **Leakey Failed to Preserve his Complaint that He was Denied His Common Law Right to Allocution for Appellate Review**

The record shows that after pronouncing Leakey's sentence, the trial judge asked whether there was any reason why his sentence should not be imposed and defense counsel answered, "[T]here is no legal reason why sentence should not be imposed." Leakey did not raise any objection concerning the common law right of allocution. Accordingly, we conclude that Leakey failed to preserve issue two for appellate review. *See* TEX. R. APP. P. 33.1; *Hunter*, 2024 WL 2972026, at *3.

We decide issue three against Leakey without regard to its merit.

**V.** **Conclusion**

The evidence is sufficient to support Leakey's conviction for aggravated assault with a deadly weapon. Leakey failed to preserve for appellate review his issue relating to allocution. However, the trial court erred when it assessed costs in both judgments.

We affirm the trial court's judgment in the aggravated-assault case (appellate cause no. 05-23-00239-CR and trial court cause no. F-2223831-S).

We modify the trial court's judgment in the harassment-of-a-public-servant case (appellate cause no. 05-23-00240-CR and trial court cause no. F-2223866-S) to delete the assessment of court costs in the amount of $286 and replace it with an assessment of court costs in the amount of $0.  We affirm the judgment as modified.

/Emily A Miskel/
EMILY A. MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

230239F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID STEVEN LEAKEY,
Appellant

No. 05-23-00239-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-23831-S.
Opinion delivered by Justice Miskel.
Justices Smith and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered June 25, 2024



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAVID STEVEN LEAKEY, Appellant

No. 05-23-00240-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-23866-S. Opinion delivered by Justice Miskel. Justices Smith and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Court Costs: $286" is modified to read "Court Costs: $0."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 25, 2024